UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHINE GORDON,

        Plaintiff,

-against-

ARNOLD GORDON, ET AL.,

        Defendants.

24-CV-6971 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Cathine Gordon brings this action *pro se*. By order dated October 28, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff filed the complaint in this action without a signature, and without the filing fees and or an application or proceed IFP. By order dated September 17, 2024, the Court directed Plaintiff to cure these deficiencies. (ECF 3.) The Court received Plaintiff's signature and IFP application on October 21, 2024. (ECF 6, 7.)

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against approximately 67 defendants, including numerous private individuals, several dentists' offices, "Residents/Neighbors of 280 Herkimer St."; Kings County Hospital; Piece of Cake Storage Facility; Verizon; AFLAC Life Insurance; and the Legal Aid Society. Plaintiff initiated this action by filing a type-written complaint. (ECF 1.) In response to the Court's order directing that she sign the complaint, Plaintiff filed a copy of the court's general complaint form, in which she includes additional information and allegations. (ECF 6.) In light of Plaintiff's *pro se* status, the Court considers both documents as part of a single pleading.

Plaintiff's type-written complaint consists largely of a list of people or entities, interspersed with factual allegations. For example, Plaintiff states,

> Kristelle Cedeno (began diabolical scheming to cause distress and to sabotage me at my past place of employment, enciting group aggression and rioting by contacting multiple individuals throughout my life by accessing social media accounts and emails, to[] acquire any opportunities or prospects with the help of several family members, using her illness as a manipulation tactic, and contacting religious groups with false information concerning my religious practices to scapegoat and chastise me everyway. Contacting my property group when I was a residence at The Beacon to orchestrate a misleading account of my residency. Passing personal information along to individuals that ultimately frauded and stole from me financially)[.]
>
> . . .

>Latonya Washington (I have no affiliation contracts business or otherwise and its been implied that this individual may have acquired my business changed the name and altered documents pertaining to property deed fraud and also to force a fake affiliation entered my space on several occasions and used old IDS and personal documents to accomplish this[.])

(ECF 1, at 1.)[2]

>Other allegations include:

>Shyerrah Jackson (HAD UNAUTHORIZED ACCESS TO A PREVIOUS PHONE LINE AND IPHONE BUGGED MY PHONE VISUALLY AND VIA MICROPHONE SPREAD TH[E] NARRATIVE OF FALSE RELATIONSHIPS AWARE OF BUSINESS FRAUD AND PARTOOK IN [IT] AS WELL AS SEXUAL ASSUALT[.])

(*Id.* at 2.)

>Misinformation/Implied Info/Official Misleading with Information/Errors: More than one official location has been instructed to turn me away and not assist. 9 Bond Street. Department of taxation and finance informed me of night court when I was inquiring the deed fraud only for the defendants lawyer to take my ID and further alter documentation to change the ownership and deals for the individuals listed.

(*Id.* at 5.)

>Malicious hinderance/Blacklisting for personal gain: Temp agencies being contacted and not divulging full information that the employment hinderance was to ensure keeping my property and business due to lack of capital. Fake interviews from companies or under the guise of employees. Contacting companies and business informing them to not work with me or encouraging a negative narrative.

(*Id.* at 5-6.)

>Mishandling of Food and other items of consumption: I have been drugged on many occasions after eating and drinking or touch contact of surfaces. Ive gone to the hospital many times and notified law enforcement.

(*Id.* at 6.)

>Unauthorized medical practices: Improper research and non consent to experiment and research me. Fight or Flight response. Neurological testing.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

> Energetic frequency manipulation. Military personnel may be aware of this. It has been suggested that a past employer partook in the device hypnotherapy while in state of unconsciousness.

(*Id.* at 7.)

> Conspiring to commit murder/rape/inflict homelessness: The ongoing lacing of all things I consume the Aflac life insurance cash out. The stalking and changes to my existing identity and aiding other individuals to live under the guise of myself or continue on as a replica of me I thought was just to inquire property or business opportunities but because of its persistence its clear that a more sinister plot is at hand. THIS IM 100% SURE ABOUT. I am being hidden and hindered to work and be free. I am not apart of the occult, cult, religious sects, false governments, I am not married legally (due to relocation and lack of communication for over 10 years that past union null and void to Eric Ngassa of Cameroon), I have no contractual agreements or overseer power of attorney situation of any kind.

(*Id.* at 7.)

In response to the Court's order directing Plaintiff to provide an original signature, she submitted a copy of this court's general complaint form that contained the following allegations:

> I have multiple complaints with the DA's office and have tried to file local reports w/ law enforcement in my area. Identity theft, forgery, mail threat, sexual violence, drugging and tampering w/ my health. This includes several individuals including family members and have been ongoing for a long time. I'm sure I'm missing the listing of other individuals. Law enforcement is aware. Alteration of documents and tampering of evidence with the help of law enforcement and people of influence. I need a lawyer.

(ECF 6, at 6.) In that document, Plaintiff states that she is seeking "[l]egal expenses" and "relocation" for her and her daughter. (*Id.* at 7.)

## DISCUSSION

**A.    Rule 8 of the Federal Rules of Civil Procedure**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)).

Here, Plaintiff's complaint does not comply with Rule 8 because it does not include a short and plain statement showing that Plaintiff is entitled to relief. The complaint sets forth various confusing allegations about seemingly unrelated issues such as possible identity theft, Plaintiff's being "blacklisted" by temporary employment agencies, and unauthorized medical practices.

Moreover, Plaintiff sues numerous disparate defendants, including private individuals, dental offices, real estate management companies, and other businesses. She alleges no facts

5

explaining how most of the named defendants were involved in violating her rights. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint that complies with Rule 8 and the standards set forth below.

**B.     Improper Joinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, Plaintiff attempts to assert unrelated claims against numerous different defendants. For example, she sues various individuals and businesses about multiple disparate events. Moreover, most of the named defendants are not mentioned in the complaint.

The Court grants Plaintiff leave to file an amended complaint concerning one of the incidents she details in her current complaint. Plaintiff's amended complaint must comply with Rules 18 and 20 governing joinder and parties. If Plaintiff wishes to pursue the other claims, she must bring those claims by filing separate new civil actions that comply with Rules 18 and 20.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear at this stage whether Plaintiff can state a viable claim, the Court grants Plaintiff 30 days' leave to amend her complaint to state a viable claim.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   December 10, 2024
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge