UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHINE GORDON,

                Plaintiff,

      -against-

ARNOLD GORDON, ET AL.,

                Defendants.

24-CV-6971 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff filed this action *pro se*. By order dated December 10, 2024, the Court dismissed the complaint for failure to state a claim on which relief may be granted, and granted Plaintiff 30 days' leave to replead her claims in an amended complaint. (ECF 9.) Because Plaintiff did not file an amended complaint, the Clerk of Court entered judgment dismissing the action on January 22, 2025. (ECF 10.) On January 28, 2025, the Court received a letter from Plaintiff in which she appears to allege that she never received the Court's order of dismissal. (ECF 11.) Court records indicate that the order of dismissal may have been transmitted to an incorrect email address.

       The Court construes Plaintiff's letter as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Because Plaintiff alleges that she never received the Court's order of dismissal, which court records appear to confirm, the Court grants the motion.

       The Court directs the Clerk of Court to retransmit to Plaintiff a copy of the December 10, 2024 order of dismissal (ECF 9). The Court grants Plaintiff an extension of time to file an amended complaint that cures the deficiencies described in the order of dismissal. Plaintiff must file any amended complaint within 30 days of the date of this order. This action will remain closed. If Plaintiff files an amended complaint within the time prescribed, the Court will issue an order directing the Clerk of Court to vacate the civil judgment and reopen the action.

## CONCLUSION

The Court grants Plaintiff's motion for reconsideration. (ECF 11.)

The Court directs the Clerk of Court to retransmit to Plaintiff a copy of the December 10, 2024 order of dismissal (ECF 9).

The Court directs Plaintiff to file an amended complaint that cures the deficiencies identified in the order of dismissal within 30 days of the date of this order.

This case remains closed. If Plaintiff files an amended complaint, the Court will direct the Clerk of Court to vacate the civil judgment. If Plaintiff does not file an amended complaint within the prescribed time, the civil judgment will remain in place.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 12, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge